UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-21442-CIV-MORENO**

ELVIN GENAO,

      Plaintiff,

vs.

EDWIN GENAO, E. DIAZ, and V. DIAZ,

      Defendants.

_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE AND
DENYING ALL PENDING MOTIONS AS MOOT**

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is **DISMISSED WITHOUT PREJUDICE**. Additionally, all pending motions are **DENIED AS MOOT**.

Under 28 U.S.C. Section 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless

legal theory. *Id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327–28. Finally, this Court also notes that a *pro se* plaintiff must be given greater leeway in pleading his complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

The Court evaluated the Plaintiff's *in forma pauperis* complaint mindful of these principles. The complaint includes no allegations; it only refers the Court to attached documentation. (*See* D.E. 1.) The attached documentation—which includes several pages of an email and several one-page "criminal" complaints listing numerous offenses without any factual allegations—is indecipherable. (*See* D.E. 1-1.) The Court thus finds that the complaint does not state a federal cause of action and is frivolous, as that term is understood under 28 U.S.C. Section 1915(e)(2)(B)(i), because it does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. Furthermore, the complaint fails to comply with the pleading requirements under the Federal Rules of Civil Procedure and fails to comply with the one-claim-per-count rule.

In short, after reviewing the complaint and the attached documentation, the Court concludes that the complaint is indisputably meritless. Accordingly, it is

**ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** and all pending motions are **DENIED AS MOOT**. The Clerk is directed to close the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th of April 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Elvin Genao
237 W. 127 St., Apt. 140
New York, NY 10027
Pro Se